IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON BRIDGEWATER,<br><br>      Plaintiff,<br><br>  v.<br><br>HAYES VALLEY LIMITED PARTNERSHIP, et al.,<br><br>      Defendants.<br>_____/ | No. 10-03022 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN <u>EX PARTE</u> TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE |

    Plaintiff Sharon Bridgewater moves <u>ex parte</u> for a temporary restraining order and order to show cause why a preliminary injunction should not issue to force Defendants to provide her housing in an apartment located at 427 Page Street, San Francisco, CA and pay her $1,350,000 in moving expenses, attorneys' fees and costs.

    A temporary restraining order may be issued without providing the opposing party an opportunity to be heard only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  "The standard for issuance of a temporary restraining order is the same as that for issuance of a

preliminary injunction." <u>Burgess v. Forbes</u>, 2009 WL 416843, at *2 (N.D. Cal.).  To obtain a preliminary injunction, the moving party must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  <u>Winter v. Natural Res. Def. Council, Inc.</u>, ___ U.S. ___, 129 S. Ct. 365, 374 (2008).

It appears that Plaintiff was living at 427 Page Street with the assistance of the Housing and Urban Development Section 8 Rental Assistance Program.  She claims to have been in "lawful, peaceful possession" of the rental unit from January, 2005 through May, 2008.  Comp. ¶ 1.  Although not clear from the complaint, it appears that Plaintiff was evicted from her apartment for failing to pay rent.  In this lawsuit, Plaintiff challenges the lawfulness of that eviction and Defendants' efforts to collect on their debts.

Plaintiff has failed to demonstrate that a temporary restraining order or order to show cause should be issued.  Her claims do not appear to have any merit; however, even if her claims were cognizable, she has not shown why such immediate relief is necessary and appropriate.

//
//
//
//
//
//
//

2

Plaintiff's request for immediate ex parte relief is therefore DENIED. If Plaintiff seeks a preliminary injunction, she must serve the summons and complaint on any Defendant against whom relief is sought. She must then file a properly noticed motion under the Civil Local Rules. See N.D. Cal. Civ. R. 7-2.

IT IS SO ORDERED.

Dated: 07/21/10

CLAUDIA WILKEN
United States District Judge

3