United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHARON BRIDGEWATER,

       Plaintiff,

  v.

HAYES VALLEY LIMITED PARTNERSHIP, et al.,

       Defendants.

_____/

No. 10-03022 CW

ORDER DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS ORIGINAL COMPLAINT, GRANTING DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT AND TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS, TO SHORTEN TIME ON MOTIONS FOR SANCTIONS, TO TRANSFER CASE, TO FILE AN AMENDED COMPLAINT, TO FILE AN AMENDED COMPLAINT UNDER SEAL, FOR RECONSIDERATION AND TO APPOINT COUNSEL

    This case arises from an underlying state unlawful detainer action against Plaintiff Sharon Bridgewater.  Defendants Hayes Valley Apartments II, LP (HVALP)[1] and Kimball, Tirey & St. John LLP (KTJ), Jane Creason and Shawn Bankson (together, Legal Defendants), in two separate motions, move to dismiss Plaintiff's First Amended

_____

[1] HVALP indicates that its name in the caption of the complaint is incorrect.

Complaint (1AC)[2] for lack of subject matter jurisdiction and for
failure to state a claim upon which relief may be granted (docket
nos. 31, 42).[3]  Legal Defendants move to declare Plaintiff a
vexatious litigant (docket no. 23) and HVALP joins in this motion
(docket no. 30).[4]  Plaintiff opposes the motions[5] and moves to
transfer the case to another judge of this Court (docket no. 33),
for sanctions, in three separate motions (docket nos. 39, 58, 69),
for shortened time on the motions for sanctions (docket no. 65), to
file an amended complaint under seal (docket no. 82), for
reconsideration of the Court's dismissal for failure to prosecute
(docket no. 86), to amend the complaint (docket no. 89), and to
appoint counsel (docket no. 93).  The motions were taken under
submission on the papers.  Having considered all the papers filed
by the parties, the Court grants Defendants' motions to dismiss and
to declare Plaintiff a vexatious litigant, and denies Plaintiff's
motions.

United States District Court
For the Northern District of California

---

[2]On August 6, 2010, Plaintiff filed a 1AC (docket no. 29).
The Court accepts this as her operative complaint.  On September
17, 2010, Plaintiff's Errata First Amended Complaint was received
by the Court.  She did not ask for or receive the Court's
permission to file this document; therefore, it will not be filed.

[3]On August 4, 2010, Defendants filed motions to dismiss
Plaintiff's original complaint (docket nos. 22, 24).  After
Plaintiff filed her 1AC, Defendants filed the instant motions to
dismiss the 1AC.  Accordingly, the motions to dismiss the original
complaint are denied as moot.

[4]It appears that four other named Defendants have not been
served.

[5]Plaintiff's opposition merely states, "The parties should
agree to come to terms."  Docket no. 78.

1

BACKGROUND

2        The following facts are taken from the allegations in

3 Plaintiff's 1AC and documents filed in Defendants' request for

4 judicial notice.[6]  HVALP develops and manages low income housing

5 projects.  KTJ is a law firm that specializes in unlawful detainer

6 litigation and, since 1977, has represented HVALP.  Mr. Bankson and

7 Ms. Creason are attorneys employed by KTJ who were involved in an

8 unlawful detainer action against Plaintiff.

9        Plaintiff is a forty-five year old African American single

10 mother.  From January, 2005 through May, 2008, Plaintiff lived in

11 an apartment at 427 Page Street, San Francisco, California, which

12 HVALP developed and managed.  On April 24, 2006, HVALP filed, in

13 state court, an unlawful detainer action against Bridgewater based

14 on her alleged failure to pay rent for her apartment.  Hayes Valley

15 Limited Partnership v. Bridgewater, No. CUD-06-617995.  On May 11,

16 2006, the parties entered into a stipulation for entry of judgment

17 and dismissal.  However, Plaintiff disputes that she actually

18 signed this document.

19        On November 12, 2007, Plaintiff received an "improper notice"

20 from Defendants to pay rent or quit her apartment on Page Street.

21 1AC at 16.  At that time, Plaintiff was not delinquent in rent and

22 had credit balances on her rental ledger.  1AC at 16.  On December

23 17, 2007, based on HVALC's declaration that Plaintiff was not in

24 compliance with the 2006 stipulation, the state court entered

25 judgment against Plaintiff for $638 and for possession of the Page

26 _____

27        [6]The Court grants Defendants' request for judicial notice.

28                                    3

United States District Court
For the Northern District of California

Street apartment.  Subsequently, Plaintiff received a writ for possession which required her to vacate her apartment in five days.

Plaintiff went to various community agencies for help.  A community legal agency discovered that Mr. Bankson had improperly obtained a judgment for possession of Plaintiff's premises pursuant to an "illegal" unlawful detainer lawsuit he had filed nearly two years previously.  1AC at 17.  Plaintiff moved to vacate the judgment, which the court granted on January 22, 2008.  1AC at 18, Ex. 8.

Meanwhile, Plaintiff located another apartment on Oakdale Street in San Francisco, where she moved in January, 2008.  Exs. 9, 10 (lease agreement, security deposit receipt).  Subsequently, Plaintiff's Housing and Urban Development (HUD) Section 8 worker informed her that HVALP continued to receive Plaintiff's HUD section 8 rental payments and would not release them to her new landlord on Oakdale Street.  1AC at 19.  Plaintiff's section 8 worker instructed her to move back to the Page Street apartment that she had just vacated, and Plaintiff did so.  Id.  In moving, Plaintiff lost her security deposit on the Oakdale Street apartment and owed another month's rent for breaching the lease agreement. 1AC at 19.

In February, 2008, Defendants Creason, Bankson and HVALP made intentional misrepresentations to Plaintiff that she owed $2,174.74 in unpaid rent plus attorneys' fees of $955.  They told Plaintiff that, if she did not pay these amounts, she would have to vacate the apartment within twenty-eight days.  1AC at 21.  Plaintiff, who was "in complete mental incompetent state of mind" and under

duress, signed the agreement.  1AC at 21.

On February 19, 2008, a second stipulated judgment was entered in the state case which provided that, on April 30, 2008, HVALP was to receive possession of the Page Street apartment from Bridgewater and, in return, HVALP would waive the past due rent and attorneys' fees and costs and would return Ms. Bridgewater's security deposit. 1AC, Ex. 11, ¶ 1, 2, 3, 7.  The stipulated judgment also provided that (1) if Ms. Bridgewater failed to comply with any of the terms of the agreement, judgment would enter for possession and the full amount of past due rent, attorneys' fees and costs, and a writ of execution for money and possession would issue immediately, upon the declaration of HVALP's counsel, id. ¶ 9; and (2) the agreement was dispositive of all issues raised in HVALC's complaint and all affirmative defenses which could have been raised in Ms. Bridgewater's answer, id. ¶ 11.

Subsequently, Plaintiff filed nine lawsuits based upon the unlawful detainer action, two in state court and seven in federal court, including the instant case.

In this lawsuit, based upon the aforementioned allegations, Plaintiff states two federal claims: against all Defendants, conspiracy to violate 42 U.S.C. § 1985(3) for deprivation of property without due process and discrimination based on race and class; and, against Legal Defendants, violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e.  Plaintiff also asserts nine state law claims.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

DISCUSSION

2 I. Motion to Dismiss

3     A.   Subject Matter Jurisdiction

4     Dismissal is appropriate under Rule 12(b)(1) when the district

5 court lacks subject matter jurisdiction over the claim.  Fed. R.

6 Civ. P. 12(b)(1).  Federal subject matter jurisdiction must exist

7 at the time the action is commenced.  Morongo Band of Mission

8 Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th

9 Cir. 1988), cert. denied, 488 U.S. 1006 (1989).  A Rule 12(b)(1)

10 motion may either attack the sufficiency of the pleadings to

11 establish federal jurisdiction, or allege an actual lack of

12 jurisdiction which exists despite the formal sufficiency of the

13 complaint.  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594

14 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d

15 1173, 1177 (9th Cir. 1987).

16     Subject matter jurisdiction is a threshold issue which goes to

17 the power of the court to hear the case.  Therefore, a Rule

18 12(b)(1) challenge should be decided before other grounds for

19 dismissal, because they will become moot if dismissal is granted.

20 Alvares v. Erickson, 514 F.2d 156, 160 (9th Cir.), cert. denied,

21 423 U.S. 874 (1975); 5A Charles Alan Wright & Arthur R. Miller,

22 Federal Practice & Procedure § 1350, p. 210 (2d ed. 1990).

23     A federal court is presumed to lack subject matter

24 jurisdiction until the contrary affirmatively appears.  Stock West,

25 Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

26 An action should not be dismissed for lack of subject matter

27 jurisdiction without giving the plaintiff an opportunity to amend

28

6

unless it is clear that the jurisdictional deficiency cannot be cured by amendment.  May Department Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th Cir. 1980).

Citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), Defendants argue that, because this action arises out of the judgment entered in the state unlawful detainer action, it must be dismissed because federal courts lack subject matter jurisdiction to review state court adjudications.

United States district courts generally do not have jurisdiction over challenges to state court decisions, even if those challenges raise federal constitutional issues.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); Feldman, 460 U.S. at 476, 482-83; see also Johnson v. DeGrandy, 512 U.S. 997, 1005 (1994) (Rooker-Feldman doctrine bars party losing in state court from seeking what would be appellate review of state judgment in federal court based on losing party's claim that state judgment violates its federal rights).  "If [the state] court erroneously determines a federal question, recourse does not lie to the United States District Court or to the United States Court of Appeals.  Jurisdiction to review the judgments of state courts lies exclusively in the United States Supreme Court."  Exxon Shipping Co. v. Airport Depot Diner, Inc., 120 F.3d 166, 169 (9th Cir. 1997).

The clear intent of the February 19, 2008 stipulated judgment was to settle all disputes arising from the unlawful detainer action.  Because Plaintiff's two federal claims would necessarily entail reviewing that judgment, the Rooker-Feldman doctrine applies

United States District Court
For the Northern District of California

7

and this Court lacks subject matter jurisdiction over them. Therefore, these claims are dismissed.  Dismissal is without leave to amend because amendment would be futile.

B. Supplemental Jurisdiction Over State Law Claims

Where a federal court has federal question jurisdiction over a matter, the court may exercise supplemental jurisdiction over state law claims that are transactionally related to the federal claim. 28 U.S.C. § 1367.  Section 1367(a) provides in pertinent part that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

The Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims because the Court has dismissed her federal claims for lack of jurisdiction. Therefore, the claims are dismissed without prejudice to refiling in state court.[7]

II. Vexatious Litigant

Defendants request that Plaintiff be declared a vexatious litigant because she has filed nine lawsuits based upon the state unlawful detainer action.

Federal courts have the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." <u>DeLong v. Hennessey</u>, 912 F.2d 1144, 1147 (9th Cir. 1990).  One such carefully

---

[7]Because all of Plaintiff's claims are dismissed for lack of jurisdiction, the Court does not address Defendants' arguments regarding dismissal for failure to state a claim upon which relief may be granted.

United States District Court
For the Northern District of California

tailored restriction is an order requiring a litigant to seek permission from the court prior to filing any future suits.  Id. at 1146-47.  As noted by the Ninth Circuit, district courts "bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts."  O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990). Nonetheless, pre-filing review orders should rarely be used.  Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990).  A pre-filing order "cannot issue merely upon a showing of litigiousness."  Id. The plaintiff's claims must not only be numerous, but also be patently without merit.  Id.

The Ninth Circuit has established four guidelines "to maintain this delicate balance between broad court access and prevention of court abuse."  O'Loughlin, 920 F.2d at 617.  Before a court enters a vexatious litigant order: (1) the plaintiff must be given adequate notice to oppose entry of the order; (2) the court must present an adequate record by listing the case filings that support its order; (3) the court must make substantive findings of frivolousness or harassment; and (4) the order must be narrowly tailored to remedy only the plaintiff's particular abuses.  Id.; DeLong, 912 F.2d at 1147-49.

A. Adequate Notice

The docket reflects that Plaintiff has received notice of this motion.  Moreover, Plaintiff has filed an opposition to the motion, evidencing that she has been notified of it and has had an opportunity to be heard.

United States District Court
For the Northern District of California

B. Adequate Record for Review

The district court must create a record for review which includes a listing of all the cases and motions that led it to conclude that a pre-filing order was needed.  The record must show, in some manner, that the litigant's activities were numerous or abusive.  Id. at 1147.

As noted above, Plaintiff has filed six other cases in this district based upon the allegations in the instant action.  These cases are as follows: (1) Bridgewater v. Hayes Valley Limited Partnership, et al., C 08-5622 MHP, filed on December 17, 2008 and dismissed on January 27, 2009; (2) Bridgewater v. Hayes Valley Limited Partnership, et al., C 09-3551 PJH, filed on August 3, 2009 and dismissed on November 20, 2009, judgment entered on November 20, 2009; (3) Bridgewater v. Bankson, et al., C 09-3639 SBA, filed on August 7, 2009 and dismissed on January 19, 2010; (4) Bridgewater v. Hayes Valley Limited Partnership, et al., C 09-5663 SBA, filed on December 1, 2009 and dismissed on January 19, 2010; (5) Bridgewater v. Hayes Valley Limited Partnership, et al., C 10-0703 SBA, filed on February 18, 2010 and dismissed on August 24, 2010; and (6) Bridgewater v. Bankson, et al., C 10-0704 SBA, filed on February 18, 2010 and dismissed on August 24, 2010.  These six cases, in addition to the instant case, have led the Court to conclude that a pre-filing order may be necessary.

C. Substantive Findings of Frivolousness or Harassment

The district court must make substantive findings as to the frivolous or harassing nature of the litigant's actions.  It must find the litigant's claims frivolous after looking at both the

10

number and content of the filings, or, alternatively, find that the claims show a pattern of harassment. <u>DeLong</u>, 912 F.2d at 1148. The factors to be looked at include: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, that is, whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (4) whether other sanctions would be adequate to protect the courts and other parties. <u>Safir v. U.S. Lines, Inc.</u>, 792 F.2d 19, 24 (2nd Cir. 1986).

Considering the number of filings and their content, the Court determines that Plaintiff's claims are frivolous.

(1) History of Litigation

Plaintiff's first federal lawsuit, C 08-5622 MHP, asserted claims against HVALP and other unidentified parties.  C 08-5622 MHP, docket no. 1, comp. ¶ 5(a)-(e).  The allegations were based upon the same unlawful detainer action upon which this case is based.  <u>Id.</u> ¶ 6.  For instance, Plaintiff alleged that, on November 20, 2007, the defendants fraudulently filed a declaration of non-compliance; judgment thereon; and an order in the superior court to fraudulently evict her.  On December 19, 2007, the defendants received a judgment in superior court based on fraud, misrepresentation and/or negligence.  The complaint was dismissed for a variety of reasons, including lack of federal jurisdiction. <u>Id.</u>, docket no. 10 at 2.  The order of dismissal noted, "To the

11

United States District Court
For the Northern District of California

1    extent plaintiff has legitimate claims, she should file them in

2    state court and seek a reopening of that action." Id.

3        Plaintiff's second federal lawsuit, C 09-3551 PJH, alleged

4    claims against HVALP, the property manager at Plaintiff's apartment

5    complex, and other unidentified parties.  C 09-3551 PJH, docket no.

6    1, Comp. ¶¶ 5-8.  Plaintiff alleged, "This case stems from an

7    unlawful detainer lawsuit of non-payment of rent. . . . The case

8    number was CUD-06-617995, for the premises commonly know [sic] as

9    427 Page St., San Francisco, CA 94102." Comp. ¶ 9.  As in this

10   case, Plaintiff alleged that the defendants coerced her into

11   entering a fraudulent stipulation for judgment.  Comp. ¶ 28.  The

12   order of dismissal of this federal complaint noted that Plaintiff

13   had filed a lawsuit seven months before in federal court based on

14   the same allegations, which had been dismissed.  The second federal

15   complaint was ninety-three pages long and alleged twenty-two causes

16   of action, seeking damages of over one trillion dollars.  Id.,

17   docket no. 11 at 3.  The court dismissed Plaintiff's federal

18   claims, with prejudice, on statute of limitations grounds and lack

19   of subject matter jurisdiction pursuant to the Rooker-Feldman

20   doctrine, stating, "[T]he February 19, 2008 stipulation of judgment

21   and dismissal clearly contemplated a final resolution of the

22   matter, including any affirmative defenses that Bridgewater could

23   have brought in connection with the state court action." Id. at 6,

24   8.

25       Plaintiff's third case, C 09-3639 SBA, was brought against

26   Kimball, Tirey & St. John, LLP, Shawn Bankson and Jane Creason,

27   Legal Defendants in the instant case.  This complaint alleged that

28                                    12

United States District Court
For the Northern District of California

1   the defendants filed the unlawful detainer action against her

2   without making a proper inquiry into the circumstances.  C 09-3639

3   SBA, docket no. 1 at ¶ 12.  The complaint also alleged that, during

4   the settlement conference for the unlawful detainer action, the

5   defendants falsely asserted to the judge and to Plaintiff that she

6   owed over $2,000 in unpaid rent and, by making these

7   misrepresentations, the defendants induced her to sign a fraudulent

8   stipulated judgment for possession of her Page Street apartment.

9   Id. at ¶¶ 21, 22.  Plaintiff asserted one federal claim for

10  deprivation of the Seventh Amendment right to a jury trial.

11      In Plaintiff's fourth federal case, C 09-5663 SBA, she alleged

12  a Seventh Amendment claim against HVALP and managers of the Page

13  Street apartment.

14      The court dismissed both cases; the federal claims were

15  dismissed with prejudice.  Id., docket no. 38 at 8.  The court held

16  that the Seventh Amendment claim failed for several reasons, one of

17  which was lack of subject matter jurisdiction under the Rooker-

18  Feldman doctrine.  Id. at 7.  The court noted, "After entry of the

19  February 19, 2008 stipulation of judgment in the state court

20  unlawful detainer action, Plaintiff attempted to have the judgment

21  vacated on several grounds, including that it violated her Fifth

22  and Fourteenth Amendment rights to due process.  The state court

23  denied her request on September 1, 2009.  The state court's denial

24  of Plaintiff's request and its decision to uphold the judgment and

25  dismissal clearly contemplate a final resolution on the matter,

26  including any other affirmative defenses that Plaintiff could have

27  brought in connection with that action.  Plaintiff may not now seek

28                                   13

United States District Court
For the Northern District of California

1    redress in district court."  Id. at 7-8.

2        Plaintiff's fifth and sixth federal cases, C 10-0703 SBA, and

3    C 10-704 SBA, based on the same unlawful detainer action, were

4    dismissed without prejudice for failure to pay the filing fee.

5    C 10-703 SBA, docket no. 37; C 10-704 SBA, docket no. 32.

6        Plaintiff's instant lawsuit is her seventh attempt to re-

7    litigate the state unlawful detainer action in federal court.  As

8    discussed previously in this Order, this Court has granted

9    Defendants' motions to dismiss based on lack of subject matter

10   jurisdiction.  In light of this disposition, this case is also

11   devoid of a colorable federal claim.  Given Plaintiff's previous

12   unsuccessful federal lawsuits based on the underlying state court

13   unlawful detainer action, most of which were dismissed for lack of

14   subject matter jurisdiction, the history of Plaintiff's litigation

15   provides good cause to declare her a vexatious litigant.

16           2. Litigant's Objective Expectation of Prevailing

17       In her opposition, Plaintiff argues she should not be declared

18   a vexatious litigant because, in their motion, Defendants made

19   willful, intentional misrepresentations and thus continue with

20   their conspiracies to defraud the Court.  Opp. at 1-2.  Plaintiff

21   argues that Defendants' claim that she entered into the first

22   stipulated judgment is false.  No matter how egregious Defendants'

23   actions may have been in state court, they cannot be adjudicated in

24   federal district court; the Rooker-Feldman doctrine bars litigation

25   of state court judgments in federal district court.  This was

26   explained to Plaintiff by three judges of this Court in her first

27   four federal lawsuits.  Plaintiff cannot have an objective belief

28                                    14

that she will prevail in federal court.  Therefore, this factor

warrants finding that Plaintiff is a vexatious litigant.

      3. Needless Expense to Parties and Burden on the Court

    Defendants indicate that, although Plaintiff's previous

lawsuits were dismissed under 28 U.S.C. § 1915 before Defendants

had to make an appearance, they have expended significant time,

effort and expense in reviewing, evaluating, and monitoring the

cases Plaintiff has filed against them.  The Court notes that, in

this case, Plaintiff's filings have required Defendants to respond

to two complaints and three motions for sanctions.  Furthermore,

Plaintiff's filings have placed a burden on the Court.  For

instance, in this case alone, Plaintiff has filed a fifty page

complaint, (docket no. 1), a forty-six page amended complaint with

sixty-six pages of exhibits, (docket no. 29), three motions for

sanctions, (docket nos. 39, 58, 69), a motion for reconsideration,

(docket no. 86), a motion to file an amended complaint under seal,

(docket no. 82), and a motion to amend the original complaint,

(docket. no. 89).  Many of these filings are repetitious and

frivolous.  The fact that the Court lacks subject matter

jurisdiction over this case, as it did over Plaintiff's previous

cases, creates a more onerous burden because these filings are

duplicative and unnecessary.

   Therefore, this factor weighs in favor of declaring Plaintiff

a vexatious litigant.

      4. Whether Other Sanctions Would be Adequate

   In her opposition, Plaintiff posits that Defendants' motion

should be denied because they are lying to the Court.  She fails to

15

**United States District Court**
For the Northern District of California

address any of Defendants' arguments that she has filed six other unsuccessful federal lawsuits based upon the same unlawful detainer action.  This evidences that, without an order declaring Plaintiff a vexatious litigant, she is likely to continue filing complaints based on the unlawful detainer action.  Therefore, this factor weighs in favor of declaring Plaintiff a vexatious litigant.

    D. Narrowly Tailored Order

    The pre-filing order must "closely fit the specific vice encountered."  <u>Delong</u>, 912 F.2d at 1148.  An order preventing a litigant from filing any further actions without leave of court, for example, ordinarily is overly broad and cannot stand.  <u>Id.</u>; <u>Moy</u>, 906 F.2d at 470-71.

    In this case, Defendants only object to Plaintiff's filing frivolous lawsuits based upon the underlying state unlawful detainer action.  Thus, the Court will issue a separate order requiring Plaintiff to obtain leave of the Court before filing another lawsuit against Defendants arising out of the unlawful detainer action.

    Therefore, the Court grants Defendants' motion to declare Plaintiff a vexatious litigant.

III. Plaintiff's Motions

    A. Motions for Sanctions

    In Plaintiff's first motion for sanctions, (docket no. 39), she claims that Defendants, in their motion to declare her a vexatious litigant, "made intentional, willfully, knowingly [sic] misrepresentations, to this US District Court. . . . The defendants are officer [sic] of the court and the plaintiff request [sic]

16

United States District Court
For the Northern District of California

1    sanctions against the defendants."

2        In Plaintiff's second motion for sanctions (docket no. 58),
3    she argues that, in their vexatious litigant motion, Legal
4    Defendants knowingly misrepresented to the Court that Plaintiff
5    entered into a first stipulated judgment and that her motion to
6    vacate the first judgment was granted because it was unopposed.
7    Plaintiff states that the defendants in the state court action
8    filed a two or three page opposition to her motion and submits the
9    docket of the state court case which indicates that, on January 11,
10   2008, the defendants filed an opposition to her motion.

11       In Plaintiff's third motion for sanctions (docket no. 69), she
12   makes the same arguments as in her first two motions.

13       Defendants respond that, although the docket sheet in the
14   state court action indicates that, on January 11, 2008, HVALP filed
15   an opposition to the motion to vacate the judgment, the January 22,
16   2008 docket entry of the hearing on the motion indicates that the
17   motion was granted "as no substantive opposition filed.  Order
18   signed in open court."  Based on the second docket entry,
19   Defendants argue that they did not misrepresent that Plaintiff's
20   motion was unopposed.

21       The actual order signed by the state court judge states, "This
22   matter came before the court on January 22, 2008.  Upon considering
23   the arguments and evidence presented, good cause appearing thereon,
24   the Court finds that the judgment entered on December 19, 2007 is
25   hereby vacated."  It appears that HVALP submitted an opposition to
26   the motion to vacate, which was noted in the court's docket, but
27   that the opposition did not contain substantive argument.  In any

28                                  17

1  event, whether HVALP submitted an opposition to Plaintiff's motion

2  to vacate the first judgment is not relevant to the outcome of

3  Plaintiff's claims in this case.  What is relevant is that she

4  entered into the February 19, 2009 Stipulation for Entry of

5  Judgment.  That is the dispositive state court order which

6  Plaintiff is barred from litigating in federal district court under

7  Rooker-Feldman.  Sanctions are not warranted under these

8  circumstances and Plaintiff's motions are denied.

9        B.    Motions to Transfer, to Reconsider, to Amend/Correct and
            Quash, to File Under Seal and to Appoint Counsel

10       1. Motion to Transfer

11     In her motion to transfer (docket no. 33), Plaintiff requests

12 that this case be transferred to the Honorable Saundra Brown

13 Armstrong, another judge of this Court who presided over four of

14 Plaintiff's previous cases.  Plaintiff states that she meant to

15 file an amended complaint and pay her filing fee in case number

16 C 10-0703 SBA, but that the Clerk of the Court did not realize

17 this, gave a new case number to the complaint and assigned it to

18 the undersigned.

19     On July 13, 2010, Plaintiff filed, in case number C 10-0703

20 SBA, an emergency motion to determine if the instant case was

21 related to case number C 10-0703 SBA.  On August 24, 2010, Judge

22 Armstrong entered an order in case number C 10-0703 SBA and this

23 case indicating that the cases are not related.  This decision is

24 left to the discretion of the judge in the first-filed case.

25 Therefore, Plaintiff's motion for a transfer is denied.

26

27

28                          18

**United States District Court**
For the Northern District of California

1

2. Motion for Reconsideration

In her motion for reconsideration (docket no. 86), Plaintiff requests that the Court vacate previous Orders dated September 27, 2010 and October 8, 2010 dismissing her case for failure to prosecute.  However, this Court did not make these orders and cannot vacate them.  Therefore, Plaintiff's motion for reconsideration is denied.

3. Motions to Amend, Quash and Seal

On December 6, 2010, Plaintiff filed a motion to amend the original complaint, quash the 1AC and quash service of summons to Defendants (docket no. 91).  She states that, although she filed and served the original complaint on Defendants, she filed and served it in error.  She also states that she filed the 1AC in error and never served it on Defendants.  Therefore, she requests leave to amend her original complaint.  On December 6, 2010, Plaintiff also filed an administrative motion to file her proposed new amended complaint under seal because it "contains highly confidential material, only the Federal Bureau of Investigation should have access to."  (Docket No. 82).

These motions lack merit and are denied.

4. Motion to Appoint Counsel

Because the Court has ruled that it lacks subject matter jurisdiction over this case, her motion to appoint counsel is denied as moot.

CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss the complaint (docket nos. 22, 24) are denied as moot, Defendants'

19

motions to dismiss the 1AC (docket nos. 31, 42) are granted and their motion to declare Plaintiff a vexatious litigant (docket no. 23) is granted.  The Court will issue a separate order requiring pre-filing review of any complaint Plaintiff attempts to file in this Court.  Plaintiff's motions are denied.  Plaintiff's federal claims are dismissed without leave to amend and her state claims are dismissed without prejudice to refiling in state court. The Clerk of the Court shall close this case.


     IT IS SO ORDERED.

Dated: 2/11/11


CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

20

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BRIDGEWATER,

           Plaintiff,

  v.

HAYES VALLEY LIMITED PARTNERSHIP et al,

           Defendant.
_____/

Case Number: CV10-03022 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 11, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sharon  Bridgewater
P.O. Box 422145
San Francisco,  CA 94142-2145

Dated: February 11, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

United States District Court
For the Northern District of California

21