1   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    JOHN A. TOAL, SB# 194041
2      E-Mail: toal@lbbslaw.com
    WINNIE YEUNG, SB# 238473
3      E-Mail: yeung@lbbslaw.com
    One Sansome Street, Suite 1400
4   San Francisco, California 94104
    Telephone: 415.362.2580
5   Facsimile: 415.434.0882

6   Attorneys for Defendant HAYES VALLEY
    APARTMENTS II, L.P.
7   (erroneously sued herein as HAYES VALLEY
    LIMITED PARTNERSHIP)

8

9                      UNITED STATES DISTRICT COURT

10       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| 11  SHARON BRIDGEWATER, | CASE NO. C 10-3022 CW |
| 12          Plaintiff, | **NOTICE OF MOTION AND MOTION FOR MONETARY SANCTIONS** |
| 13       vs. | **(re PLAINTIFF'S MOTION TO RE-OPEN CASE; TO FILE AN ORIGINAL** |
| 14  HAYES VALLEY LIMITED PARTNERSHIP; SHAWN BANKSON, | **AMENDED COMPLAINT FROM RELIEF FROM JUDGMENT; AND EXTEND** |
| 15  JANE CREASON AND THE LAW FIRM OF KIMBALL, TIREY AND ST. JOHN LLP, | **TIME)** |
| 16          Defendants. | Judge:   Hon. Claudia Wilken |
| 17 | Date:    March 30, 2012 |
| | Time:    2:00 p.m. |
| 18 | Crtrm.:  2, 4th Floor, Oakland Division, 1301 Clay Street, Oakland, CA |
| 19 | Trial Date:        None Set |
| 20 | |
| 21 | |

22   **TO:    PLAINTIFF SHARON BRIDGEWATER, IN PRO SE**

23          **PLEASE TAKE NOTICE** that on March 30, 2012, at 2:00 p.m. or as soon thereafter as

24   the matter may be heard in Courtroom 2 of the United States District Court, Northern District,

25   located at 1301 Clay Street, Oakland, California, defendant Hayes Valley Apartments II, LP

26   ("HVALP") will and hereby moves this court for an Order for sanctions against Plaintiff Sharon

27   Bridgewater.

28   4812-3700-8911.1                                                          C 10-3022 CW

---

**NOTICE OF MOTION AND MOTION FOR MONETARY SANCTIONS (re PLAINTIFF'S MOTION TO RE-OPEN CASE; TO FILE AN ORIGINAL AMENDED COMPLAINT FROM RELIEF FROM JUDGMENT; AND EXTEND TIME)**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    This motion is based upon this notice, the memorandum of points and authorities, the

2    declaration of Winnie Yeung, all pleadings, records, and papers on file in this action, and upon

3    such oral, documentary, and demonstrative evidence as may be introduced at the hearing of this

4    application.

5

6    DATED: March 8, 2012                     LEWIS BRISBOIS BISGAARD & SMITH LLP

7

8                                             By: _____
9                                                 JOHN A. TOAL
10                                                WINNIE YEUNG
                                                  Attorneys for Defendant HAYES VALLEY
11                                                APARTMENTS II, L.P. (erroneously sued herein
                                                  as HAYES VALLEY LIMITED PARTNERSHIP)
12

13    ///

14    ///

15    ///

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR MONETARY SANCTIONS (*re* PLAINTIFF'S MOTION TO RE-
OPEN CASE; TO FILE AN ORIGINAL AMENDED COMPLAINT FROM RELIEF FROM JUDGMENT;
AND EXTEND TIME)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.   SANCTIONS AGAINST PLAINTIFF ARE WARRANTED**

3

Fed. R. Civ. P. section 11(b)-(c) provides in pertinent part:

4

(b) Representations to the Court.  By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating

5

it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the

6

circumstances:

7

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of

8

litigation;

9

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending,

10

modifying, or reversing existing law or for establishing new law;

11

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a

12

reasonable opportunity for further investigation or discovery; and

13

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a

14

lack of information.

15

(c) Sanctions.

16

(1) *In General.*  If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the

17

court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

18

Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or

19

employee.

20

(4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or

21

comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court;

22

or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the

23

reasonable attorney's fees and other expenses directly resulting from the violation.

24

5) *Limitations on Monetary Sanctions.* The court must not impose a

25

monetary sanction:

26

(A) against a represented party for violating Rule 11(b)(2);

27

Plaintiff has been declared a Vexatious Litigant based on her history of filing frivolous

28

**NOTICE OF MOTION AND MOTION FOR MONETARY SANCTIONS (*re* PLAINTIFF'S MOTION TO RE-OPEN CASE; TO FILE AN ORIGINAL AMENDED COMPLAINT FROM RELIEF FROM JUDGMENT; AND EXTEND TIME)**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  motions and lawsuits against HVALP and the legal defendants.  (Exhibit A, Request for Judicial

2  Notice "RFJN" attached to HVALP's Opposition, the Court's Order Declaring Plaintiff a

3  Vexatious Litigant.)  This obviously has not deterred plaintiff's continuous attempt to harass

4  HVALP, and to waste the Court's limited resources.

5       In fact, on February 13, 2012, plaintiff filed another similar motion, in case no. C10-3022.

6  Plaintiff filed a second Motion to Re-Open Case; File an Original Amended Complaint From

7  Relief of Judgment; and Extend Time.  (Docket no. 105 under case no. C10-3022.)  The Court

8  previously denied plaintiff's Motion for Reconsideration in case no. C10-3022. Case no. C10-

9  3022 relates to plaintiff's previously filed and dismissed Complaints against HVALP and the legal

10  defendants, which also involved the unlawful detainer state action.

11       Moreover, plaintiff also filed a Motion to Leave to File an Original Amended Complaint,

12  which is also set to be heard on June 12, 2012.  The proposed Complaint is 34 pages long, and

13  involves the state unlawful detainer action.  This is in contradiction of the Court's Order which

14  specifically directed her to "file matters only in Case No. 10-703," and to file a concise complaint.

15  (Exhibit B, attached to RFJN, p. 9:2-3.)  As very well stated by the Court, a *pro se* plaintiff is "still

16  required to comply with the rules that all other litigants must obey."  (Exhibit B, attached to RFJN,

17  p. 7:4-5.)

18       Plaintiff's instant motion was filed for the "improper purpose, such as to harass, cause

19  unnecessary delay, and to needlessly increase the cost of litigation."  (Fed. R. Civ. P. section

20  11(b)(1).)  It is apparent that non-monetary directives have not deterred plaintiff's conduct.

21  Therefore, monetary sanctions against plaintiff are well warranted for plaintiff's repetitive

22  violation of the Court's Order.  It may be the only avenue to deter plaintiff's continuous

23  misconduct.   Accordingly, HVALP seeks monetary sanctions in the amount of $1,572.50.

24  (Declaration of Winnie Yeung.)

25  / / /

26  / / /

27  / / /

28

**NOTICE OF MOTION AND MOTION FOR MONETARY SANCTIONS (*re* PLAINTIFF'S MOTION TO RE-OPEN CASE; TO FILE AN ORIGINAL AMENDED COMPLAINT FROM RELIEF FROM JUDGMENT; AND EXTEND TIME)**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    DATED: March 8, 2012              LEWIS BRISBOIS BISGAARD & SMITH LLP

2

3                                      By: _____

4                                          JOHN A. TOAL
                                           WINNIE YEUNG
5                                          Attorneys for Defendant HAYES VALLEY
                                           APARTMENTS II, L.P.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4812-3700-8911.1                          5                        C 10-3022 CW
NOTICE OF MOTION AND MOTION FOR MONETARY SANCTIONS (*re* PLAINTIFF'S MOTION TO RE-
OPEN CASE; TO FILE AN ORIGINAL AMENDED COMPLAINT FROM RELIEF FROM JUDGMENT;
AND EXTEND TIME)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    **FEDERAL COURT PROOF OF SERVICE**

2    *Bridgewater v. Hayes Valley Apartments, et al.*

3    USDC, Northern District Case No. C10-3022 CW

4    STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

5        At the time of service, I was over 18 years of age and not a party to the action.  My
    business address is One Sansome Street, Suite 1400, San Francisco, CA 94104.  I am employed in
6    the office of a member of the bar of this Court at whose direction the service was made.

7        On March 8, 2012, I electronically filed the following document(s):

8        **NOTICE OF MOTION AND MOTION FOR MONETARY SANCTIONS (*re*
    PLAINTIFF'S MOTION TO RE-OPEN CASE; TO FILE AN ORIGINAL
9        AMENDED COMPLAINT FROM RELIEF FROM JUDGMENT; AND EXTEND
    TIME)**

10
    with the Clerk of the Court for the United States District Court  by using the CM/ECF system.
11   Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

12       I further certify that some of the participants in the case are not registered CM/ECF users.
    I have dispatched it to a third party commercial carrier for delivery within 3 calendar days, to the
13   following non-CM/ECF participants:

14       Sharon Bridgewater
    965 Mission Street #409
15       San Francisco, CA  94103
    In Pro Se
16

17       The documents were served by the following means:

18   ☒   (BY OVERNIGHT DELIVERY) Based on an agreement of the parties to accept service by
    overnight delivery, I enclosed the documents in an envelope or package provided by an
19       overnight delivery carrier and addressed to the persons at the addresses listed above.  I
    placed the envelope or package for collection and delivery at an office or a regularly
20       utilized drop box of the overnight delivery carrier.

21       I declare under penalty of perjury under the laws of the United States of America that the
    foregoing is true and correct.  Executed on March 8, 2012, at San Francisco, California.

22

23

24                           Amanda Hampton

25

26

27

28   **NOTICE OF MOTION AND MOTION FOR MONETARY SANCTIONS (*re* PLAINTIFF'S MOTION TO RE-
OPEN CASE; TO FILE AN ORIGINAL AMENDED COMPLAINT FROM RELIEF FROM JUDGMENT;
AND EXTEND TIME)**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | **FEDERAL COURT PROOF OF SERVICE**

2 | *Bridgewater v. Hayes Valley Apartments, et al.*

3 | USDC, Northern District Case No. C10-3022 CW

4 | STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

5 | At the time of service, I was over 18 years of age and not a party to the action. My business address is One Sansome Street, Suite 1400, San Francisco, CA 94104. I am employed in
6 | the office of a member of the bar of this Court at whose direction the service was made.

7 | On March 8, 2012, I electronically filed the following document(s):

8 | **NOTICE OF MOTION AND MOTION FOR MONETARY SANCTIONS (*re* PLAINTIFF'S MOTION TO RE-OPEN CASE; TO FILE AN ORIGINAL
9 | AMENDED COMPLAINT FROM RELIEF FROM JUDGMENT; AND EXTEND TIME)**

10 |
11 | with the Clerk of the Court for the United States District Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

12 | I further certify that some of the participants in the case are not registered CM/ECF users. I have dispatched it to a third party commercial carrier for delivery within 3 calendar days, to the
13 | following non-CM/ECF participants:

14 | Sharon Bridgewater
965 Mission Street #409
15 | San Francisco, CA  94103
In Pro Se
16 |

17 | The documents were served by the following means:

18 | ☒ (BY OVERNIGHT DELIVERY) Based on an agreement of the parties to accept service by
19 | overnight delivery, I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and delivery at an office or a regularly
20 | utilized drop box of the overnight delivery carrier.

21 | I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 8, 2012, at San Francisco, California.
22 |

23 |
24 | Amanda Hampton

25 |
26 |
27 |

28 | 4812-3700-8911.1                                    6                          C 10-3022 CW
**NOTICE OF MOTION AND MOTION FOR MONETARY SANCTIONS (*re* PLAINTIFF'S MOTION TO RE-OPEN CASE; TO FILE AN ORIGINAL AMENDED COMPLAINT FROM RELIEF FROM JUDGMENT; AND EXTEND TIME)**