IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON BRIDGEWATER, | No. C 10-3022 CW |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS TO STAY PROCEEDINGS, RE-OPEN CASE, FILE AMENDED COMPLAINT, EXTEND TIME TO SERVE AND FOR RELIEF FROM JUDGMENT AND DENYING MOTION FOR SANCTIONS |
| v. | |
| HAYES VALLEY LIMITED PARTNERSHIP, et al., | |
| Defendants. | |
| _____/ | |

On February 13, 2012, Plaintiff Sharon Bridgewater moved to stay proceedings, to re-open her case, to file an amended complaint, to obtain relief from judgment and to extend time to serve the United States Department of Justice with a sealed complaint. Docket No. 105. Defendants Shawn Bankson, Jane Creason and Kimball, Tirey & St. John LLP (together, KTS Defendants), and Hayes Valley Apartments II, L.P., erroneously sued as Hayes Valley Limited Partnership, have filed oppositions. Defendant Hayes Valley Apartments II, L.P. (Hayes Valley Apartments) moves for sanctions against Plaintiff. Docket No. 110. Plaintiff has not filed an opposition to this motion. These motions were taken under consideration and decided on the papers. Having considered the papers filed by the parties, the Court

denies Plaintiff's motions and denies Hayes Valley Apartments'
motion for sanctions.

I. Plaintiff's Motions

     On February 11, 2011, the Court issued an order granting
Defendants' motions to dismiss and for an order declaring
Plaintiff a vexatious litigant.  The Court also entered a pre-
filing order.  (Docket No. 97).  The pre-filing order provided
that, if Plaintiff filed a new complaint concerning the unlawful
detainer action in the state case, Hayes Valley Limited
Partnership v. Bridgewater, No. CUD-06-617995, it would not be
filed by the Clerk of the Court.  (Docket No. 98).  On December 6,
2011, the Court denied Plaintiff's motion for reconsideration and
to vacate or alter the judgment. (Docket No. 102).

     Although the instant motions are not a new complaint, they
are an attempt to relitigate the issues already decided by this
Court.  Accordingly, all of the motions filed by Plaintiff on
February 13, 2012 are denied.  Plaintiff may not file motions in
this closed case.

II. Defendant's Motion for Sanctions

     Defendant Hayes Valley Apartments moves for sanctions under
Rule 11 of the Federal Rules of Civil Procedure and requests that
the Court order Plaintiff to pay its legal fees in the amount of
$1,572.50, incurred in opposing Plaintiff's motions.  Rule 11(b)
provides that "by presenting to the court a pleading, written
motion, or other paper--whether by signing, filing, submitting, or
later advocating it--an attorney or unrepresented party certifies

**United States District Court**
For the Northern District of California

that to the best of the person's knowledge, information, and

belief, formed after an inquiry reasonable under the

circumstances,--

> (1) it is not being presented for any improper purpose, such
> as to harass or to cause unnecessary delay or needless
> increase in the cost of litigation;

> (2) the claims, defenses, and other legal contentions therein
> are warranted by existing law or by a nonfrivolous argument
> for extending, modifying, or reversing existing law or for
> establishing new law;

> (3) the factual contentions have evidentiary support . . ."

Fed. R. Civ. P. 11(b).

Under Rule 11(c), a court may impose sanctions on attorneys,

law firms or parties that have violated Rule 11(b) or are

responsible for such a violation.  The standard for determining

whether a pleading, motion or other paper is either frivolous or

interposed for an improper purpose is one of objective

reasonableness at the time of the attorney's or party's signature.

Conn v. Borjorquez, 967 F.2d 1418, 1421 (9th Cir. 1992) (citing

Woodrum v. Woodward County Okla., 866 F.2d 1121, 1127 (9th Cir.

1989)).  In assessing whether the filing of a particular paper was

frivolous under Rule 11, the court should not consider the

ultimate failure on the merits or the subjective bad faith of the

signer, but rather whether the position taken was "legally

unreasonable" or "without factual foundation."  Zaldivar v. City

of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986) overruled on

other grounds by <u>Cooter & Gell v. Hartmarx Corp</u>., 496 U.S. 384, 399-405 (1990).

Plaintiff previously has filed a motion to amend her complaint (docket no. 89), a motion for reconsideration of previous orders (docket no. 86) and a motion for an order to show cause re: reconsideration (docket no. 103), all of which were denied by the Court (docket no. 97 and 102).  Furthermore, Plaintiff filed the February 13, 2012 motions after the case closed.  Thus, the February 13, 2012 motions are legally unreasonable and without legal merit.  However, the Court will not award sanctions at this point.

Because there is a pre-filing order against Plaintiff, she cannot file another complaint against Defendants based upon the state unlawful detainer action underlying this case.  If Plaintiff serves Defendants with a new complaint, they are not required to answer it until it has been reviewed by the Court.  Furthermore, Defendants are not required to respond to any further motions that Plaintiff files in this case.

Plaintiff may not file motions in this closed case or file lawsuits litigating the same issues.  If Plaintiff persists in these filings, she may be subject to sanctions in the future.

//

//

//

//

CONCLUSION

Based on the foregoing, the Court denies Plaintiff's motions
and Defendant Hayes Valley Apartments' motion for sanctions.

IT IS SO ORDERED.


Dated:  7/2/2012

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28